TRUMAN (WORCESTER v.). See Case No. 18,043.

## Case No. 14,206.

### TRUMP et al. v. The THOMAS.

[Bee, 86.] [1]

District Court, D. South Carolina. Sept. 3, 1796.

SEAMEN—WAGES—LIEN ON VESSEL—LACHES.

The vessel was sold under sentence of the court of admiralty at Providence at the suit of others of the crew. These libellants had notice of the proceedings, but did not apply for their wages. Their lien on the vessel is at an end.

[Cited in The Utility, Case No. 16,806; Packard v. The Louisa, Id. 10,652; Herbert v. The Amanda F. Myrick, Id. 6,395; Wall v. The Royal Saxon, Id. 17,093; Pierce v. The Alberto, Id. 11,142.]

In admiralty.

BEE, District Judge. This is a suit for seamen's wages, against a vessel that has been condemned in a foreign court of admiralty, (on a like suit brought by others of the crew) sold at public sale under that decree, and purchased by a third person for a valuable consideration. These facts are stated and charged in the libel. It is contended on the part of the libellants that they have a lien on the vessel notwithstanding this decree and sale. On the other side it is insisted that by the maritime law, and usage of courts of admiralty, the lien of these men on the vessel is totally at an end.

I have considered this case with great attention, and find that the proceedings of the admiralty court at Providence were in the usual mode. The libellants were on the spot, and might, on the return of the monition have been made parties to the suit. Nay, even after the decree, and previously to the sale, I think the court, upon hearing their case stated, would have let in their demand. But it does not appear that they took a single step in the business, though there is proof before the court that they might have done so. They are therefore, strictly within the rule of law, "Vigilantibus non dormienti-

bus subveniunt leges." The sentence of a court of admiralty is notice to all the world. The court at Providence had competent jurisdiction; this sale was made openly and without any pretence of collusion; and I am of opinion, that the present claim against the vessel cannot be sustained. If it could, no purchaser would be safe. I dismiss the libel, but without costs.

## Case No. 14,207.

### TRUNDLE v. HEISE.

[2 Cranch, C. C. 44.] [1]

Circuit Court, District of Columbia. June Term, 1812.

MARSHAL—CAPIAS—FAILURE TO RETURN DEFENDANT—APPEARANCE OF DEFENDANT—DISCHARGE.

If the defendant has been discharged under the insolvent law upon a capias ad respondendum, the marshal will be discharged from his amercement for not bringing him in at the return of the writ, upon the defendant's entering his appearance in proper person.

The marshal was amerced for not bringing in the defendant on the return of the capias ad respondendum. The defendant had been discharged under the insolvent act. The marshal moved to be discharged from the amercement upon the defendant's entering his appearance in proper person without bail; granted.